Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>José L. García Lucre<br><br>Recurrido | KLCE202401085 | ***CERTIORARI***<br>procedente del Tribuna de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.: ISCR202400669 al 672 (401)<br><br>Sobre: Arts. Tent. Segundo Grado (2 Cargos); Art. 6.05 Ley de Armas; Art. 620 Ley de Armas |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de noviembre de 2024.

Comparece ante nos, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General (Estado o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 30 de agosto de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación presentada por el señor José L. García Lucre (Sr. García Lucre o recurrido), y desestimó el pliego acusatorio presentado en su contra. Además, el Estado solicita la revocación de la "Resolución" emitida el 30 de agosto de 2024,[2] en la que el foro recurrido declaró No Ha Lugar la "Moción Sobre Enmienda a la Acusación" presentada por el peticionario.

---

[1] Notificada el 6 de septiembre de 2024.
[2] Notificada el 3 de septiembre de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y revocamos las determinaciones recurridas mediante los fundamentos que expondremos a continuación.

## I.

Por hechos acaecidos el 13 de febrero de 2024, el Estado presentó cuatro denuncias contra el Sr. García Lucre, dos por infringir los Arts. 6.05 y 6.20 de la Ley de Armas,[3] y dos por violentar el Art. 93 del Código Penal.[4] Las denuncias fueron presentadas ante un Juez Municipal, quien determinó que existía causa probable para arresto por los delitos imputados. Por habérsele imputado la comisión de delitos graves, el Tribunal de Primera Instancia celebró la correspondiente vista preliminar y emitió una determinación positiva de causa probable para acusar.

En atención a lo cual, el 4 de junio de 2024, el Estado presentó las siguientes acusaciones:

*El referido acusado, JOSÉ GARCÍA LUCRE, allá en o para el día 13 de febrero de 2024, y en Añasco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminal y **temerariamente** realizó acciones inequívocas e inmediatamente dirigidas a ocasionar la muerte al ser humano Yariel Oneil Márquez Rosado. Consistente en que el aquí acusado, haciendo uso de un arma de fuego, color negro, le disparó en dos ocasiones al aquí perjudicado sin que se consumara la muerte pretendida por circunstancias ajenas a la voluntad del imputado.*

*El referido acusado, JOSÉ GARCÍA LUCRE, allá en o para el día 13 de febrero de 2024, y en Añasco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminal y **temerariamente** realizó acciones inequívocas e inmediatamente dirigidas a ocasionar la muerte al ser humano Kelvin Omar González Colón. Consistente en que el aquí acusado, haciendo uso de un arma de fuego, color negro, le disparó en dos ocasiones al aquí perjudicado sin que se consumara la muerte*

---

[3] Véase, Ley Núm. 168-2019, LPRA secs. 466d y 466s.
[4] Véase, Ley Núm. 146-2012, 33 LPRA sec. 5142.

*pretendida por circunstancias ajenas a la voluntad del imputado.*

(Énfasis nuestro).

Tras la celebración del acto de lectura de acusación, el 25 de junio de 2024, el Sr. García Lucre presentó una Moción de Desestimación, al amparo de la Regla 64(a) de Procedimiento Criminal, *infra*. En resumidas cuentas, argumentó que las precitadas acusaciones no imputan delito, toda vez que nuestro ordenamiento jurídico no penaliza la tentativa de un delito que se comete a título de temeridad, como lo es el asesinato en segundo grado.

Casi un mes después, el 24 de julio de 2024, el Estado solicitó enmendar el pliego acusatorio a los fines de eliminar el elemento subjetivo de "temerariamente", y sustituirlo por "con conocimiento o a propósito". Fundamentó su petición en las disposiciones de la Regla 38 de Procedimiento Criminal, *infra*.

El 2 de agosto de 2024, el Sr. García Lucre se opuso a la solicitud de enmienda hecha por el peticionario. En síntesis, sostuvo que: (1) se trata de un error insubsanable, ya que la acusación no imputa delito alguno, y (2) la enmienda es improcedente porque ésta tiene el efecto de convertir el delito imputado (tentativa de asesinato en segundo grado) a una tentativa de asesinato en primer grado, delito por el cual no ha recaído una determinación de causa para arresto o acusar.

Ese mismo día, entiéndase, el 2 de agosto de 2024, el Estado presentó su oposición a la Moción de Desestimación radicada por el recurrido. Esgrimió que, en la vista preliminar, el Ministerio Público presentó prueba sobre todos los elementos del delito imputado y sobre su conexión con el acusado. Asimismo, expuso que la prueba presentada subsanó el defecto en la acusación, ya

que ésta demostró que el acusado actuó con conocimiento o a propósito.

Atendidas las posturas de ambas partes, el 30 de agosto de 2024,[5] el Tribunal de Primera Instancia emitió dos resoluciones. En la primera, declaró No Ha Lugar la petición de enmienda a la acusación presentada por el peticionario. En la segunda, declaró Ha Lugar la solicitud de desestimación presentada por el Sr. García Lucre, y desestimó los pliegos acusatorios en controversia. Concluyó que éstos son contrarios a derecho, puesto que excluyeron el elemento subjetivo de "con conocimiento o a propósito". En otras palabras, determinó que, para cometer el delito de tentativa de asesinato, es necesario que la persona que perpetra el acto actúe con intención y, en este caso, los pliegos acusatorios se limitaron a incluir el elemento de "temerariamente".

Insatisfecho con ambos dictámenes, el Estado recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *El Tribunal de Primera Instancia erró en derecho y abusó de su discreción al desestimar las acusaciones por tentativa de asesinato en primer grado, a pesar de que el Ministerio Público presentó una enmienda para subsanar el defecto sustancial de no imputar delito, de conformidad con las Reglas 38 y 66 de Procedimiento Criminal, 34 LPRA Ap. II.*

**II.**

**-A-**

En nuestro ordenamiento jurídico, el derecho que posee un acusado a ser notificado de los cargos presentados en su contra es de rango constitucional. Véase, Sexta Enmienda Const. EE. UU., LPRA, Tomo 1; Art. II, Sec. 11 Const. ELA, LPRA, Tomo 1. El Estado cumple con su obligación de notificación a través de la acusación o denuncia. *Pueblo v. Vélez Rodríguez*, 186 DPR 621,

---

[5] Notificadas el 6 y 3 de septiembre de 2024, respectivamente.

628 (2012). Ambos mecanismos tienen la función crucial de informar al acusado sobre los hechos que se le imputan, de manera que este último pueda, en efecto, entender de qué se le acusa y preparar una defensa adecuada. *Íd.*, a la pág. 629, citando a *Pueblo v. Montero Luciano*, 169 DPR 360, 373 (2006).

Nuestro ordenamiento procesal penal define la acusación como "una alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito". Véase, Regla 34(a) de Procedimiento Criminal, 34 LPRA, Ap. II, R. 34(a). Entre otras cosas, el pliego acusatorio debe contener "los hechos esenciales constitutivos del delito [imputado]". Véase, Regla 35(c) de Procedimiento Criminal, 34 LPRA, Ap. II, R. 35(c). En otras palabras, el Ministerio Público debe informar al acusado sobre todos los elementos del delito que se le imputa.

Ahora bien, es posible que la acusación adolezca de alguna imperfección u omisión en su contenido. En tales casos, la Regla 38 de Procedimiento Criminal, 34 LPRA, Ap. II, R. 38, permite al tribunal hacer las enmiendas necesarias para subsanarlo. Sobre este particular, resulta pertinente puntualizar que nuestras Reglas distinguen entre dos tipos de defectos: (1) el de forma, y (2) los sustanciales.

El defecto de forma es aquél que no perjudica los derechos sustanciales del acusado. Véase, Regla 36 de Procedimiento Criminal, 34 LPRA, Ap. II, R. 36. El tribunal puede permitir su enmienda en cualquier momento y, en ausencia de enmienda, el defecto u omisión se entenderá subsanado al emitirse el veredicto del jurado o el fallo del tribunal. Véase, Regla 38 de Procedimiento Criminal, *supra*. Un ejemplo de este tipo de defecto es que se omita o se cite erróneamente en la acusación la ley o disposición

que presuntamente se infringió. Véase, Regla 35(d) de Procedimiento Criminal, 34 LPRA, Ap. II, R. 35(d).

Por su parte, un defecto sustancial es aquél que perjudica los derechos sustanciales del acusado, ya sea porque le impide preparar adecuadamente su defensa, o porque hacen que el pliego acusatorio sea uno insuficiente. L.E. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Editorial Forum, 1993, Vol. III, pág. 24. **Si la acusación adolece de algún defecto sustancial**, **el tribunal podrá permitir las enmiendas necesarias para subsanarlo**, **siempre y cuando estas enmiendas se hagan antes de la condena o absolución del acusado**. Véase, Regla 38 de Procedimiento Criminal, *supra*. En estos casos, el acusado tendrá derecho a que se le celebre nuevamente el acto de la lectura de la acusación. *Íd.*

**-B-**

La Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, dispone los fundamentos para solicitar la desestimación de la acusación o denuncia.  En lo concerniente, la precitada regla provee lo siguiente:

> *La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:*
>
> *(a) Que la acusación o denuncia no imputa un delito.*
>
> [...]
>
> *(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho.*

Por otro lado, la Regla 66 de Procedimiento Criminal, 34 LPRA Ap. II, R. 66, establece que, **cuando la moción de desestimación se basare en defectos de la acusación**, **y éstos pueden subsanarse mediante enmienda**, **el tribunal ordenará la enmienda y denegará la solicitud**. Esta regla se refiere a defectos

en el pliego acusatorio, los cuales pueden ser de forma o sustanciales. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 881-882 (2010).

### III.

Según revela el tracto procesal discutido, el Tribunal de Primera Instancia desestimó dos pliegos acusatorios presentados contra el Sr. García Lucre, por carecer de un elemento esencial del delito por el cual se le pretendía acusar. Determinó que el delito por el cual se le acusa al recurrido – tentativa de asesinato – requiere, como hecho esencial, que el acusado haya actuado "con conocimiento o a propósito". Como ambos pliegos acusatorios aluden a que el Sr. García Lucre actuó "temerariamente", el foro primario concluyó que ambas acusaciones son contrarias a derecho.

En su escrito, el Estado argumenta que, aun cuando el delito de tentativa de asesinato en segundo grado no se encuentra tipificado en nuestro ordenamiento jurídico, las acusaciones contienen todos los hechos esenciales del tipo penal por el cual se pretendió acusar, o sea, el delito de tentativa de asesinato en primer grado. Aunque reconoce que los pliegos acusatorios contienen un defecto sustancial, sostiene que la Regla 38 de Procedimiento Criminal, *supra*, permite subsanarlos a través de una enmienda.

Por el contrario, el Sr. García Lucre sostiene que ambas acusaciones adolecen de un defecto insubsanable. Su contención es que se le está imputando una conducta que no es punible en nuestro ordenamiento penal y, por tanto, se está violentando el principio de legalidad.

Tras un análisis de la situación fáctica particular que atendemos, y del derecho aplicable a la misma, concluimos que el

Tribunal de Primera Instancia erró al desestimar los pliegos acusatorios. Veamos por qué.

Según ha expresado nuestro Alto Foro, para que proceda una moción de desestimación presentada al amparo de la Regla 64(a) de Procedimiento Criminal, *supra*, es necesario que, aún "admiti[endo] como cierto lo alegado en el pliego acusatorio (denuncia o acusación)[,] no se configur[e] o satisfa[ga] tipo penal alguno bajo los estatutos penales vigentes en Puerto Rico". *Pueblo v. Irizarry*, 156 DPR 780, 824-825 (2002). Si después de efectuado este ejercicio no surge del pliego acusatorio un delito tipificado en nuestro ordenamiento, el mismo será insubsanable y procederá su desestimación. Recordemos que, lo esencial es que el pliego acusatorio contenga "los hechos esenciales constitutivos del delito [imputado]". Regla 35(c) de Procedimiento Criminal, *supra*.

El Art. 35 del Código Penal, 33 LPRA sec. 5048, define la tentativa de la siguiente manera:

> ***Existe tentativa cuando la persona actúa <u>con el propósito</u> de producir el delito <u>o con conocimiento de que se producirá el delito</u>***, *y la persona realiza acciones inequívoca e inmediatamente dirigidas a la consumación de un delito que no se consuma por circunstancias ajenas a su voluntad.*

(Énfasis nuestro).

Por su parte, el Art. 93 del Código Penal, *supra*, tipifica el delito de asesinato como sigue:

> *Constituye asesinato en primer grado:*
>
> *(a) Todo asesinato perpetrado por medio de veneno, acecho, tortura, estrangulamiento, sofocación o asfixie posicional, o **a propósito o con conocimiento**.*
>
> […]
>
> *Toda otra muerte de un ser humano causada **temerariamente** constituye asesinato en segundo grado.*

(Énfasis suplido).

Los elementos del delito de tentativa de asesinato en primer grado son los siguientes: (1) el acusado actuó con el propósito de dar muerte a un ser humano, o con el conocimiento de que daría muerte a un ser humano; (2) realizó actos que, indudablemente, iban dirigidos a iniciar o cometer el delito, es decir, que empezó a cometer el delito o ejecutó actos que iban más allá de una mera preparación; (3) que dichos actos se cometen justo antes de que se complete el delito; y (4) el delito no se completó por circunstancias ajenas a la voluntad del acusado. Véase, Sec. 5.10 del Manual de Instrucciones al Jurado, pág. 118.

Por consiguiente, nos corresponde evaluar el texto de los pliegos acusatorios en controversia con el fin de determinar si se incluyeron todos los elementos del delito de tentativa de asesinato en primer grado. Veamos:

> *El referido acusado, JOSÉ GARCÍA LUCRE, allá en o para el día 13 de febrero de 2024, y en Añasco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminal y **temerariamente** realizó **acciones inequívocas e inmediatamente dirigidas a ocasionar la muerte al ser humano Yariel Oneil Márquez Rosado**. Consistente en que el aquí acusado, haciendo uso de un arma de fuego, color negro, le disparó en dos ocasiones al aquí perjudicado **sin que se consumara la muerte pretendida por circunstancias ajenas a la voluntad del imputado**.*

> *El referido acusado, JOSÉ GARCÍA LUCRE, allá en o para el día 13 de febrero de 2024, y en Añasco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminal y **temerariamente** realizó **acciones inequívocas e inmediatamente dirigidas a ocasionar la muerte al ser humano Kelvin Omar González Colón**. Consistente en que el aquí acusado, haciendo uso de un arma de fuego, color negro, le disparó en dos ocasiones al aquí perjudicado **sin que se consumara la muerte pretendida por circunstancias ajenas a la voluntad del imputado**.*

(Énfasis provisto).

De las precitadas acusaciones surge que: (1) el Sr. García Lucre actuó "temerariamente"; (2) realizó acciones dirigidas a ocasionar la muerte a los seres humanos Yariel Oneil Márquez

Rosado y Kelvin Omar González Colón, respectivamente; (3) dichas acciones fueron inequívocas e inmediatas; y (4) las muertes no se consumaron por circunstancias ajenas a la voluntad del recurrido.

**Ciertamente**, **los pliegos acusatorios tienen un error en cuanto al elemento subjetivo del delito**. Como ya mencionamos, el delito de tentativa de asesinato en primer grado requiere que el acusado haya actuado "a propósito y con conocimiento" de dar muerte a un ser humano. Por el contrario, el asesinato en segundo grado se reserva para aquellas muertes ocasionadas a título de temeridad. Precisamente, por esta razón es que "[l]a Tentativa Asesinato en Segundo Grado no existe". Véase, Sec. 5.10 del Manual de Instrucciones al Jurado, pág. 120.

**No obstante lo anterior**, **el hecho de que ambos pliegos acusatorios contengan un error no implica que dicha deficiencia u omisión sea insubsanable**. No nos convence el recurrido, a los efectos de que la conducta imputada "no es punible en nuestro ordenamiento jurídico en contravención al principio de legalidad".[6]

**En este caso**, **los pliegos acusatorios contienen los cuatro elementos del delito de tentativa de asesinato en primer grado**, **delito tipificado en nuestro ordenamiento penal**. **Sin embargo**, **hay un error en cuanto a uno de sus elementos**, **específicamente**, **sobre el elemento subjetivo**. **A pesar de que no estamos ante una omisión – pues el Estado incluyó un elemento subjetivo al indicar que el recurrido actuó "temerariamente" – lo cierto es que**, **este estado mental es insuficiente para configurar el delito por el cual se acusa**.

Tratándose de un error sobre un hecho esencial del delito, no albergamos duda de que las acusaciones contienen un defecto sustancial. Ahora bien, **si la acusación adolece de algún defecto**

---

[6] Véase, alegato en oposición, a la pág. 4.

**sustancial**, **el tribunal podrá permitir las enmiendas necesarias para subsanarlo**, **siempre y cuando estas enmiendas se hagan antes de la condena o absolución del acusado**. Véase, Regla 38 de Procedimiento Criminal, *supra*.

En el presente caso, no ha recaído fallo o veredicto alguno en contra del Sr. García Lucre. Ante tales circunstancias, el foro recurrido debió permitir la enmienda, toda vez que la misma se solicitó antes de la condena o absolución del acusado. Máxime, cuando la Regla 66 de Procedimiento Criminal, *supra*, exige que, **cuando una moción de desestimación se fundamenta en defectos de la acusación**, **y éstos pueden subsanarse mediante enmienda**, **el Tribunal de Primera Instancia ordenará la enmienda y denegará la solicitud**.

Finalmente, debemos aclarar que, **el hecho de que ambos pliegos nominen el delito imputado como "tentativa de asesinato en segundo grado" constituye un error de forma subsanable al amparo de la Regla 35(d) de Procedimiento Criminal**, ***supra***.

Por entender el curso de acción apropiado para subsanar los errores es considerar una enmienda sustancial al amparo de la Regla 38 de Procedimiento Criminal, *supra*, procede que el foro recurrido ordene la enmienda solicitada por el Estado para que: (1) se elimine el elemento subjetivo de "temerariamente" y se sustituya por el de "a propósito o con conocimiento", y (2) se titule el pliego acusatorio "asesinato en primer grado" para que la calificación de la acusación vaya acorde con el contenido de la misma.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y revocamos las resoluciones recurridas, emitidas por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Se devuelve que

caso para que se celebre nuevamente el acto de la lectura de la acusación, según lo exige la Regla 38 de Procedimiento Criminal, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones